# Commonwealth ex rel. v. Superintendent of County Prison

*John M. Maurer*, assistant district attorney, for Commonwealth.
*Abraham J. Levy*, for defendant.

GORDON, JR., J., March 15, 1934 (orally).—This is another case that should never have been instituted. There was no disorderly conduct here. I am speaking now to you [addressing Magistrate Girard]. There was no disorderly conduct here. Your own story indicates that it was your own supersensitiveness that caused you to do this, for there was no justification for the arrest of this man. A judicial officer does not maintain the dignity of his office and properly administer justice by shouting and brandishing threats of jail over those in the courtroom. You will not earn the respect of those who come before you, and the citizens who elected you, by such conduct as this. There are other ways of maintaining order and dignity in the courtroom. Your hearings were over, and the man's conduct was not disorderly. But, even if it was, the bail should not have been fixed at $1,500. This man should have been given an immediate hearing by you, because it all occurred in your presence. But you had him locked up for a later hearing. He had a right to speak to your clerk. He did no wrong by walking back of the rail; and throwing him into a cell for a further hearing,

for which there was no necessity, was not the right thing to do. You should have decided the matter then and there on your first hearing; and, even if you did grant a further hearing, in a case of this kind $1,500 bail is oppressive. The bail should have been nominal and you should have taken his own recognizance.

[MAGISTRATE MUHLY: I never saw him before.]

You could have satisfied yourself by inquiring as to who he was, and his acts resulted in no great injury to the Commonwealth. I am not passing upon what was said by the two gentlemen at the time of the occurrence, because it would necessitate my commenting on both sides adversely.

The minor judiciary—the justices of the peace and the magistrates—are, in a very real sense, the most important branch of the administration of justice. They come in closer contact and in more intimate relation with the people than any other branch of the judiciary. The common pleas and appellate courts do not come in contact with the everyday lives and fortunes of the citizens as the magistrates do. And, because of that, the power of the magistrates to oppress and injure the people is that much greater. So also their opportunity is the greater to build up public respect for the administration of justice. But such prosecutions as this one, and that heard yesterday, tend only to bring it into disrepute. Taking it by and large, it may be said that the people, as a whole, derive their impressions of the administration of justice more broadly and more vividly from contact with the magistrates than with the appellate courts and even the common pleas. Hence, it is incumbent upon magistrates so to conduct their courts, and themselves, that respect for the administration of justice will be fostered rather than destroyed. This sort of conduct works infinite harm.

And there is another feature of this matter I should comment upon. The general practice of further hearings has been abused so much in our city—and it is said to be so in cities everywhere—that it has almost become a racket. Further hearings that are unnecessary impose a grievous hardship upon the citizen. They open the door to the activities of professional bondsmen, and to the extortion of money from the unfortunate objects of their operation. By this means, the citizen can be deprived of his liberty without redress. The further hearing becomes an instrument of oppression. It paves the way for graft by intimidation and corruption of all kinds in the administration of justice, including the wrongful use of the criminal process for the collection of private debts. There should be as few further hearings as possible, and you, and all your fellow-magistrates, should be very reluctant to grant them. I appreciate that there are times when such hearings are necessary, but they have been so abused that the time is fast approaching when a public scandal will surely arise as a result of the practice. The correction of this lies in the hands of the magistrates, and they should see to it that the abuse is stopped.

The respect you say you want, Judge Girard—which means respect for your court rather than for you—is not earned by overbearing conduct and by the terror of threats of arrest and jail which you seem recklessly to hurl at the lawyers and litigants who appear before you. See to it that you earn respect in the right way. The scenes that have happened in your court have occurred because you are not conducting your court properly, because you have not been a dignified magistrate, because you are too prone to shout and to threaten. If a person commits a real contempt in your presence, you ought instantly to arraign him and hold him for the action of the grand jury. You have no power of commitment for contempt; but such a contempt, if committed in your

official presence, either by disorder or by insolent action toward you, is punishable by indictment. And even that power should be exercised with discretion.

Now, stop these further hearings. They are mischievous and vicious. When you have heard enough to hold a person for court, do so then and there, and do not hold a further hearing; it is unnecessary, vexatious, and dangerous. I do not mean to say that the evils which follow further hearings are always intended by the magistrate when he orders it, but laxness in the granting of them opens the door for wrongdoing by others, for the extortioner, the shakedown artist, for the fixing of witnesses, for the lining of the pockets of professional bondsmen, and it does incalculable harm.

Many of the people who come before you are poor citizens who cannot afford the many expenses and losses, legitimate and otherwise, entailed by further hearings. You should protect them from such consequences, unless it is unavoidable. The poor man who comes before a magistrate is at the mercy of that magistrate, and decency and right require that you gentlemen be scrupulous to see to it that he is not oppressed. I hope that no case like this or the one of yesterday will come before me again, especially one in which the prosecutor is a magistrate and the charge is so utterly groundless.

There is no lawful charge against this man, and the relator will be discharged.